# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 865

ELECTRIC THERMAL CORP. v. MID-WEST OFFSET CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2871. Decided June 28, 1926

297. CONTRACTS—1. Time, when stated in a contract becomes of the essence thereof, and may be waived by mutual agreement.

2. The failure to answer a letter stating that delivery will be late is not such conduct as will waive the time element.

HAMILTON, J.

The Mid-West Color Offset Co. brought this action against the Electric Thermal Co. in the Cincinnati Municipal Court on an account for $750.00 claimed to be due upon printing and delivery of advertising folders. The defense was that the folders were not delivered in the time specified in the contract and that there were defective.

Judgment was entered in favor of the Mid-West Co. which was affirmed on error proceedings in the Hamilton Common Pleas and a reversal of both judgments is sought in error proceedings to the Court of Appeals.

The action arose upon the following proposal:—20,000 broadsides per specifications to be delivered ten days after O. K-ing of proofs in three equal installments—thirty days apart at $799.00 net. This proposal was accepted.

It is conceded that delivery did not start as per agreement; and the Mid-West Co. wrote the Electric Co. to the effect that they were delayed unavoidably and would send the folders in a few days. The Electric Co. never answered the letter and when the folders were sent, refused to accept.

The question therefore involved is, did the failure of the Electric Co. to answer the letter of the Mid-West Co., constitute a waiver of the time provision of the contract?

The Court of Appeals held:

1. Time is the essence of this contract, the stating of the time of delivery, making it the essence thereof.

2. A provision of this nature may be waived. 89 OS. 365.

3. Since the breach by the Mid-West Co. was admitted, its letter to the Electric Co. required no reply, and from its language none was expected for deliveries were made without ratification or acquiescence on part of the Electric Co.

4. The Mid-West Co. claims that the waiver may be shown by conduct of the Electric Co.; but no act of this company can be charged to it with having waived the time provision of the contract.

5. Failure to reply to the letter is the only evidence offered on that point; and it is insufficient.

Judgments of lower courts reversed and judgment for Electric Co.

Attorneys—Clark & McCauley for Electric Co.; S. Geismar & Arthur E. Georgi for Mid-West Co.; all of Cincinnati.